IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARCQUISE DOVAUGHN CRAIG, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-20-1510 |
| ARAMARK, | § § § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, a Harris County pretrial detainee proceeding *pro se* and *in forma pauperis*, files this section 1983 lawsuit against Aramark. He complains that meals provided by Aramark at the Harris County Jail lack sufficient quality and quantity.

Having screened the complaint as required by sections 1915 and 1915A, the Court DISMISSES this lawsuit for the reasons explained below.

*Background and Claims*

Plaintiff is a Harris County pretrial detainee at the Harris County Jail awaiting trial on felony charges for aggravated assault with a deadly weapon and possession of methamphetamine. He complains that Aramark is violating his constitutional and human rights by serving (a) jail meals that provide less than the 2,600 daily calories promised in the jail handbook, (b) meal trays that are missing food items or have substitute food items not on the menu, (c) the same food for lunch and dinner, and (d) too many starches and breads. As injuries, plaintiff complains of "hunger and also loose [*sic*] weight on

and off." As judicial relief, plaintiff states, "I want relief for suffering and want a payment that is decent." (Docket Entry No. 1, p. 5.)

### *Analysis*

*Sections 1915, 1915A*

Because plaintiff is a county pretrial detainee who seeks leave to proceed *in forma pauperis*, the Court is required to scrutinize the claims and dismiss his complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id*. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

*State Actor*

Plaintiff names Aramark as the sole defendant in this lawsuit. He alleges that Aramark is a Pennsylvania corporation that provides meals for detainees and inmates at the Harris County Jail.

To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "[T]he under-color-of-state-law element of [section] 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotations deleted). Plaintiff pleads no factual allegations establishing that Aramark is a state actor for purposes of section 1983 in this case.

However, even if Aramark were properly considered to be a state actor in context of Harris County Jail food services, plaintiff raises no viable section 1983 claim against it. It is well established that a corporation cannot be held vicariously liable for its employees under section 1983, and plaintiff has not alleged any other basis on which the corporation itself violated his constitutional rights. *See Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002) ("Section 1983 does not create supervisory or *respondeat superior* liability.").

Plaintiff's allegations against Aramark fail to state a claim upon which relief may be granted under section 1983.

*Fourteenth Amendment*

Regardless, plaintiff's complaints regarding the quality and quantity of food served by Aramark at the Harris County Jail do not rise to the level of a federal constitutional violation under the Fourteenth Amendment.

3

The federal Constitution requires that food served to prisoners must provide adequate nutrition; it does not require that a particular food be supplied, or that the food be served at a certain temperature or level of tastiness. *Logan v. Black*, 983 F.2d 1063 (5th Cir. 1993). "The deprivation of food constitutes cruel and unusual punishment only if it denies a prisoner the minimal civilized measure of life's necessities." *Talib v. Gilley*, 138 F.3d 211, 214 n. 3 (5th Cir. 1998). Constitutional violations are not established by showing mere discomforts associated with incarceration, such as those instances of which plaintiff here complains with respect to jail food. *See Hyder v. Perez*, 85 F.3d 624, 1996 WL 255243 at *1 (5th Cir. 1996) (upholding dismissal of claims that quantities of food were inadequate as lacking an arguable basis in law or fact).

Plaintiff alleges no significant or sustained weight loss caused by the lack of a 2,600 daily caloric intake, nor does he claim that his diet in jail has caused a loss of good health. Plaintiff's complaints do not indicate a denial of "the minimal civilized measure of life's necessities" as to Aramark's meal services at the Harris County Jail, and no issue of a constitutional dimension is raised.

Plaintiff's allegations against Aramark fail to state a Fourteenth Amendment claim upon which relief may be granted under section 1983.

### *Conclusion*

This lawsuit is DISMISSED WITHOUT PREJUDICE for failure to raise a viable claim for relief under section 1983. Any and all pending motions are DENIED AS MOOT. This dismissal constitutes a "strike" for purposes of section 1915(g).

The Clerk is to provide a copy of this order to plaintiff and to the United States District Court for the Southern District of Texas, Houston Division, Attention: Three-Strikes List Manager, at the following email: Three_Strikes@txs.uscourts.gov.

Signed at Houston, Texas, on May 19, 2020.

_____
Gray H. Miller
Senior United States District Judge